UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ALLEN BEYER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C16-5282BHS
CASE NO. CR11-5626BHS

ORDER GRANTING PETITION

This matter comes before the Court on Petitioner Michael Allen Beyer's ("Beyer") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 13, 2012, Beyer pled guilty to one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2). As part of the plea agreement, the parties agreed to a base offense level of 24 and Beyer acknowledged his prior felonies as follows: Malicious Harassment and Harassment, Residential Burglary and Theft in the Second Degree, Theft in the Second Degree, Attempt to Elude,

ORDER - 1

1  Possession of a Controlled Substance without Prescription.  Both parties and the

2  probation office considered Beyer a career offender under the sentencing guidelines

3  based on his burglary and drug possession convictions.

4         On April 14, 2016, Beyer filed the instant motion seeking relief under *Johnson v.*

5  *United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). Dkt. 1.  On April 18, 2016, the Court

6  issued its opinion in *Welch v. United States*, 587 U.S. __, 136 S. Ct. 1257 (2016),

7  allowing *Johnson* to be applied retroactively.  On June 24, 2016, the Government

8  responded. Dkt. 5.  On July 8, 2016, Beyer replied (Dkt. 6), and the Government filed a

9  notice of supplemental authority (Dkt. 7).  On August 16, 2016, the Government filed a

10 notice of supplemental authority. Dkt. 8.  On August 22 and August 30, 2016, Beyer

11 filed a notice of supplemental authority. Dkts. 9, 10.

## II. DISCUSSION

13        As a threshold matter, the majority of the issues presented in this case have been

14 addressed by courts in this district and across the nation.  The Court declines to reinvent

15 the wheel and, instead, will simply adopt opinions that it finds persuasive on the

16 particular issue addressed.

17        First, the Government argues that Beyer's petition is procedurally barred. Dkt. 5

18 at 9–14. The Court disagrees, adopts the reasoning of courts in this district, and finds that

19 Beyer's claim is not procedurally defaulted because he has demonstrated cause and

20 prejudice. *See Gilbert v. United States*, Case No. 15-cv-1855-JCC, 2016 WL 3443898, at

21 *2–3 (W.D. Wash. June 23, 2016) (finding the cause requirement satisfied in this context

22 because *Johnson* explicitly overruled the holdings in *Sykes v. United States*, 564 U.S. 1

(2011), and *James v. United States*, 550 U.S. 192 (2007), that the ACCA residual clause was constitutional); *Dietrick v. United States*, No. C16-705 MJP, 2016 WL 4399589, at *3 (W.D. Wash. Aug. 18, 2016) (same).

Second, the Government argues that *Johnson* does not apply to the sentencing guidelines. Dkt. 5 at 14–23. The Court disagrees, adopts the reasoning of courts in this district, and concludes that *Johnson* is retroactively applicable in this context. *See Gilbert*, 2016 WL 3443898, at *3–6; *Dietrick*, 2016 WL 4399589 at *3 (same); *see also Welch*, 136 S. Ct. 1257; *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011).

Third, the Government argues that Beyer bears the burden of showing that the Court necessarily relied upon the residual clause when it found that his prior offenses were predicate offenses. Dkt. 5 at 23–26. The Court disagrees, adopts the reasoning of courts in this district, and concludes that Beyer may challenge whether either of the underlying predicate offenses qualified under the residual clause of the sentencing guidelines. *Dietrick*, 2016 WL 4399589 at *3; *Gibson v. United States*, No. C15-5737 BHS, 2016 WL 3349350, at *1 (W.D. Wash. June 15, 2016).

Finally, the Government argues that Beyer is barred from challenging whether his crime of burglary was an enumerated crime or qualified under the residual clause. Dkt. 5 at 26–31. The Court disagrees because at the time of Beyer's crime, the Ninth Circuit had held that convictions under Washington law for residential burglary were not predicate offenses under the enumerated offenses. *United States v. Wenner*, 351 F.3d

969, 974 (9th Cir. 2003).  The Court concludes that binding precedent is all the analysis that is needed on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Beyer's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED**.  The parties shall work with the Clerk to schedule an expeditious resentencing in the criminal case.  The Clerk shall close this case.

Dated this 6th day of September, 2016.

BENJAMIN H. SETTLE  
United States District Judge